ROSA DAVID *vs.* MAX DAVID.

JANUARY 6, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Divorce. Exceptions. Accident and Mistake.*

After hearing on a petition for divorce the justice held the case for over sixteen months for decision. While the case was being held for decision,

respondent discharged his counsel and employed new counsel, who mailed to the justice who had the papers in his possession a motion to dismiss accompanied by a letter which he asked to be considered as his entry of appearance. The court entered decision and returned the papers to the clerk, but failed to inclose the motion to dismiss or the letter referred to. The clerk gave notice of the decision to the discharged attorney, who still appeared as counsel of record. Neither respondent, or his new counsel received notice of the decision within seven days after the entry thereof. It also appeared that a motion to amend the petition from one for divorce from bed and board to one for absolute divorce had been granted although the decision granted a divorce from bed and board.

*Held*, that the facts presented a case for relief under Gen. Laws, 1923, par. 5108, on the ground of accident and mistake, and also the facts as to the decision presented an additional reason why the case should be reviewed.

PETITION FOR DIVORCE. Heard on petition of respondent to file bill of exceptions and granted.

RATHBUN, J. The petitioner is the respondent in a divorce case in which decision was entered granting his wife a divorce from bed and board. Having failed, as he contends, through accident, mistake or unforeseen cause to take the preliminary steps and file a bill of exceptions within the time prescribed by statute, the petitioner, now within one year after the entry of said decision, petitions this court to allow him to file and prosecute a bill of exceptions. The petition is based on § (5108), Gen. Laws, 1923. The material provisions of said section are as follows: "When any person is aggrieved by any order, decree, decision, or judgment of the superior court . . . and from accident, mistake, unforeseen cause, . . . has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, . . . the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted or a bill of exceptions . . . to be filed and prosecuted, upon such terms and conditions as the court may prescribe".

This petition was opposed by the wife who, by her attorney, moved that the petition be dismissed on the ground that

"the facts set forth in said petition do not constitute accident, mistake and unforeseen cause within the meaning of said words as used in the statute and that it does not appear that justice requires a revision of the case".

The petitioner relies upon the following facts set forth in the petition: The hearing on the petition for divorce was heard by a justice of the Superior Court at Newport and concluded on September 19, 1923, and the case was held for decision from said date until January 21, 1925, the date of the entry of the decision complained of. While the case was being held for decision, this petitioner, the respondent in the divorce petition, discharged his counsel after paying him in full and employed his present counsel who on several occasions consulted with said justice concerning the pending case and on November 26, 1924, mailed to said justice a motion to dismiss the case for lack of jurisdiction. The motion was accompanied by a letter stating as follows: "I am not sure that I have entered an appearance in the case because I have assumed that the papers were in your possession. If that is the case, this letter may be considered, among other things, as my entry of appearance, and I am filing, herewith, a formal motion to dismiss the petition for lack of jurisdiction". At the time of the mailing of said letter and motion the papers in said case were in the possession of said justice in his chambers in the Providence County Court House. At the time of the entry of the decision complained of and the return of the papers to the clerk of the Superior Court for the county of Newport said justice failed to enclose with said papers said motion to dismiss and the accompanying letter which the new counsel considered an entry of appearance. Said clerk mailed notice of the decision complained of to the discharged attorney who had not withdrawn his entry of appearance but appeared of record as respondent's sole counsel in the case. Neither the respondent, this petitioner, nor his new counsel received notice of said decision within seven days after the entry thereof. When the matter was brought to the atten-

tion of said justice, he, in order to permit said respondent to file a bill of exceptions, vacated said decision and again entered the same decision. Within seven days thereafter the respondent took the necessary steps preliminary to filing a bill of exceptions and within the time prescribed by statute filed a bill of exceptions. Said bill of exceptions, when it came before this court, was dismissed for the reason that said justice had no authority under the circumstances to vacate his decision for the purpose of reentering, on and as of a later date, the same decision. In our opinion filed November 10, 1925, we stated that if any relief was available to the respondent it was by petition based on said § (5108).

The questions presented are whether the facts as above set forth constitute accident, mistake, or unforeseen cause within the meaning of said section and whether it appears under all the circumstances that justice requires a revision of the case.

This court has not at all times given a strict and uniform interpretation to the words accident, mistake and unforeseen cause but from an examination of the later cases, particularly, it will be observed that we have applied the provision for relief contained in said section in a liberal manner and have regarded the words in question as broad and general words used in a remedial statute for the purpose of enabling the court, within reasonable limits, to grant relief from hardship and susbtantial misfortune whenever, in the discretion of the court, the circumstances warrant such action. In *Donahue* v. *R. A. Sherman's Sons Co.*, 39 R. I. 373, the main decisions of this court on the question were reviewed and it is unnecessary to consider those cases in detail. In many of the cases in which the court was moved to grant relief the parties seeking relief had failed to protect his rights through his own or his attorney's neglect, and concurring circumstances similar to those in this case were entirely absent.

In *Goldense* v. *Way*, 110 Atl. (R. I.) 404, the parties stipulated that a nonsuit be removed and relied upon a clerk

of the Superior Court to have the stipulation approved by the court. The clerk failed to do so and a judgment on the default was entered. The judgment was removed because entered by accident, mistake or unforeseen cause. For a very recent case where an injured employee failed to give the notice required by the Workmen's Compensation Act see *Desrochers* v. *Atwood-Crawford Co.,* 47 R. I. 116.

First of all the case under consideration was held more than the sixteen months for decision during which time the papers were not in the clerk's office in Newport but in said justice's chambers in Providence. If the discharged attorney had withdrawn his appearance the clerk would have sent notice of the decision to the client. Had the discharged attorney forwarded to his former client the copy of the rescript received by said attorney the petitioner would have had notice and could have protected his rights. If said justice had enclosed with his decision and the other papers in the case, as perhaps might reasonably have been expected, the motion to dismiss or the writing intended as an entry of appearance, the petitioner would probably have had notice. Had the new attorney when he knew the papers in the case were in Providence sent his entry of appearance and motion to dismiss to the clerk at Newport, the rights of his client would have been protected. Perhaps there are attorneys who, through an abundance of caution, would have sent the motion and entry of appearance to the clerk at Newport to be file-marked and sent back to Providence to said justice, or would even have required the discharged attorney to withdraw his appearance but we are of the opinion that the conduct of the petitioner's new counsel under all the circumstances in failing to foresee the events which actually happened does not constitute such neglect as should bar relief to his client. The said attorney has apparently in good faith filed a motion to dismiss the case for lack of jurisdiction. At the argument before us it appeared that counsel for the wife, entertaining a doubt as to the jurisdiction of the court to grant a divorce from bed

and board when the petitioner for divorce was not a resident of the State, moved—the husband being a resident for the statutory period—to amend the petition for divorce from bed and board to a petition for absolute divorce. The papers in the original case are not before us but it is agreed that the motion to amend was granted. It therefore appears that the decision complained of purports to grant a petition which was no longer before the court. The State is interested to maintain regularity in divorce proceedings and the above complication presents an additional reason why the case should be reviewed.

The petition for leave to file a bill of exceptions is granted and the petitioner may, within seven days after notice of this opinion, file his exception to the decision complained of and notice of his intention to prosecute a bill of exceptions, in the office of the clerk of the Superior Court for the county of Newport and thereafter follow the course prescribed by statute for filing and prosecuting a bill of exceptions, except that it will be unnecessary to provide for and prepare another transcript of the evidence as the transcript heretofore prepared may be used.

*Sheffield & Harvey*, for petitioner.

*Quinn, Kernan & Quinn*, for respondent.